UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13-CV-P536-S

**CHEROSCO L. BREWER**                                                           **PLAINTIFF**

v.

**SGT. M. THOMPSON et al.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Cherosco L. Brewer, *pro se*, filed a 42 U.S.C. § 1983 complaint. He also filed an application to proceed without prepayment of fees, which has been granted. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must now undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff names as Defendants Shively Police Department Sgt. M. Thompson; John Doe (hereinafter Doe-1), police officer for the Shively Police Department; and the Shively Police Department. He alleges that his First, Fourth, and Fourteenth Amendment rights were violated when on April 11, 2013, he was pulled over by Defendant Doe-1 for allegedly speeding. Plaintiff states that Defendant Doe-1 advised him that he wanted to search the vehicle. Plaintiff refused. Defendant Doe-1 told Plaintiff that, because he had previously been arrested for a drug offense, a search was warranted. Plaintiff continued to refuse. Defendant Doe-1 then called for a K-9 unit to search the vehicle. Defendant Thompson arrived on the scene and advised Plaintiff

that he was going to search. About 30 minutes later the Shively K-9 Unit arrived and searched Plaintiff's car without his consent, finding no contraband. However, personal property of Plaintiff was destroyed during the search.

Plaintiff alleges his rights were violated when Defendants conducted a search without consent or a warrant; when the Defendants' police dog destroyed his property; and when he was "seized" for 45 minutes to conduct the unlawful search. Plaintiff also alleges racial profiling and harassment. Plaintiff asks for monetary damages and injunctive relief in the form of an Order directing that Defendants not retaliate against him and that they cease harassing him.

Plaintiff also has filed a motion for leave to file a supplemental complaint (DN 5). That motion is **GRANTED**. *See* Fed. R. Civ. P. 15(d) ("[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

That supplemental complaint names as additional Defendants Officer P. Allen and Officer John Doe (hereinafter Doe-2), a supervisor. It sets out the following. On July 4, 2013, Plaintiff was at his grandmother's house when Defendant Allen came to the residence stating that he had received a call about noise in the neighborhood. Plaintiff and his family observed Defendant Allen run a check of Plaintiff's vehicle and then call for backup before exiting his police car. Another police officer arrived and was overheard talking to Defendant Allen about the vehicle having been rented to Plaintiff and another person and then the supervisor asked Defendant Allen if he had asked Plaintiff if he could search the vehicle. Defendant Doe-2, the supervisor, asked Defendant Allen to issue a citation to Plaintiff for a motor vehicle running unattended and for "vehicle a nuisance, loud music," at which point Plaintiff's grandmother

2

explained to the officers that she had asked Plaintiff to go to the store for her which was why the vehicle was running and that Plaintiff's music was not loud and she did not object to the music coming from the vehicle. Plaintiff was cited anyway. Plaintiff alleges that he and his family overheard the officers referring to Plaintiff as a drug dealer, discussing that Plaintiff had sued the Louisville Metro Police Department, and discussing calling the K-9 unit to search his car. He alleges that the police used a pretextual reason to enter private property and issue a citation to him; that Defendants are harassing and retaliating against him for exercising his First Amendment right to file a lawsuit against the police department; and that they are racially profiling and discriminating since none of the white residents on that street were cited for loud noise on July 4th. He also alleges false and malicious prosecution in the issuance of the citation. He requests monetary damages from Defendant Allen and Defendant Doe-2 of $50,000 and injunctive relief.

Neither the original nor the supplemental complaint states in what capacity he is suing Defendants. However, in response to an Order from this Court, Plaintiff has indicated that he sues all Defendants in their individual and official capacities.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Official-capacity claims*

Plaintiff's complaints against the employees of the Shively Police Department in their official capacities are really against the Shively Police Department. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Shively Police Department is not a "person" subject to suit under § 1983 because municipal departments are not suable under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, it is City of Shively that is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as

4

claims against Jefferson County itself). Therefore, in the case at bar, Plaintiff's claims against the employees of the Shively Police Department in their official capacities and against the Shively Police Department are actually brought against the City of Shively government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that

5

policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff has alleged no policy of the City of Shively resulting in the alleged constitutional violations. Consequently, the official-capacity claims and claims against the Shively Police Department will be dismissed.

## *Individual-capacity claims*

### *First Amendment claim against Shively Police Officers Thompson and Doe-1*

The complaint makes no allegations that these Defendants retaliated against him for protected speech. Some factual basis for each claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must also explain how the defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to a First Amendment claim against Defendants Thompson and Doe-1. As such, the Court will dismiss the First Amendment claims against these Defendants for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

6

*Remaining individual-capacity claims*

The Court will allow the remaining claims, *i.e.*, the Fourth and Fourteenth Amendment claims for the unlawful search, racial profiling, and harassment to go forward against Defendants Thompson and Doe-1. The Court also will allow the First Amendment retaliation claim, the Fourteenth Amendment racial profiling and harassment claim, and the state-law malicious prosecution claim to go forward against Defendants Allen and Doe-2.

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's claims against all Defendants in their official capacities and his First Amendment claims against Defendants Thompson and Doe-1are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Clerk of Court is **DIRECTED** to terminate the Shively Police Department as a Defendant in this action.

**IT IS FURTHER ORDERED** that on preliminary review the Court will allow Plaintiff's Fourth and Fourteenth Amendment claims for the unlawful search, racial profiling, and harassment against Defendant Thompson and Doe-1 and the First Amendment retaliation claim, Fourteenth Amendment racial profiling and harassment claim, and the state law malicious prosecution claim to go forward against Defendants Allen and Doe-2. In allowing those claims to go forward, the Court expresses no opinion on their ultimate merit.

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff shall **within 30 days** of entry of this Order submit properly filled-out summons forms for Defendant Allen and John Doe-2.

(2) Upon receipt of those summons forms, the Clerk of Court shall issue summons and effect service of process on Defendants Thompson, Doe-1, Allen, and Doe-2 by way of the U.S.

Marshals Service in accordance with Rule 4 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(c)(3).

(3) The parties shall serve upon each party, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which a copy was sent to opposing parties. Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **may be disregarded** by the Court.

(4) Plaintiff must provide written notice of a change of address to the Clerk and to Defendants' counsel. *See* Local Rule 5.2(d).

(5) Plaintiff's failure to notify the Clerk of any address change or failure to comply with this or any subsequent Order of the Court **may result in a dismissal of this case**.

(6) The Clerk of Court is **DIRECTED** to send to Plaintiff a copy of the *Pro Se Handbook*.

Date: October 24, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4411.009